IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2024 JUN 18  P 12: 27

| | |
|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION | Misc. Case No. 2:24-mc-04027-RAH |
| | JUDGE |
| This document relates to: PLAINTIFFS CLEVELAND JACKSON & JAMES HANNA | DEATH PENALTY CASE |
| | NEXT EXECUTION SCHEDULED: FEBRUARY 19, 2025 |

**Plaintiffs Cleveland Jackson and James Hanna's Motion to Compel
Production of Documents in Response to Subpoena Issued to Non-Party
the Alabama Department of Forensic Sciences**

Pursuant to Federal Rule of Civil Procedure 45(a)(2), Plaintiffs Cleveland

Jackson and James Hanna served a valid federal court subpoena on non-party the

Alabama Department of Forensic Sciences ("The Department"), by service on The

Department's Director, Angelo Della Manna or his agent, on or about March 7,

2024.[1] The subpoena sought documents that are directly relevant to Plaintiffs'

claims or defenses in the underlying litigation from which the subpoena was served,

*In re Ohio Execution Protocol Litigation*, Southern District of Ohio Case No. 2:11-cv-

1016. Despite numerous attempts by the undersigned to obtain full compliance with

the subpoena without need for the Court's involvement, The Department and

Director Della Manna have remained non-compliant, more than two months after

---

[1] A copy of the subpoena, dated March 6, 2024, as served on March 7, 2024, is
attached as Exhibit 1.

the requested deadline for production. As discussed in depth in the Memorandum In Support, The Department and Director Della Manna have not served written objections to the subpoena on undersigned counsel, nor have they filed a motion to quash or modify the subpoena or to otherwise seek judicial relief from full compliance. Consequently, under the law they have waived or forfeited any defenses against full compliance. Accordingly, The Department and Director Della Manna remain non-compliant with the subpoena without excuse, in defiance of the United States District Court for the Southern District of Ohio (the issuing federal district court), and this Court (the federal district court where compliance is required).

The ongoing non-compliance with the subpoena leaves Plaintiffs with no further recourse but to respectfully seek an order from this Court to compel prompt production and full compliance with the subpoena by this Motion to Compel.[2] Plaintiffs respectfully seek a swift resolution of this matter, given the numerous good-faith efforts that undersigned counsel have made to try to ensure full compliance with the subpoena, and the procedural posture which makes this a straightforward matter to resolve in Plaintiffs' favor; having waived or forfeited any defenses against full compliance, The Department and Director Della Manna are now categorically unable to carry their burden to show why full compliance with the subpoena should not be required.

---

[2] Although Plaintiffs do not seek sanctions at this time, they respectfully reserve their rights pursuant to FRCP 37 and FRCP 45(g) to move for sanctions and/or contempt for non-compliance without adequate excuse.

Accordingly, Plaintiffs respectfully request that this Court uphold the Rules and respect for the federal courts by ordering full compliance with the subpoena, compelling the prompt production of all documents the subpoena requests. The legal and factual grounds for this Motion are set forth in the accompanying Memorandum in Support.

Respectfully submitted this 17th day of June, 2024,

**Joseph Medici**
Federal Public Defender

by

*/s/ Allen L. Bohnert*
**Allen L. Bohnert (Ohio 0081544)**
Trial Attorney for Plaintiffs Cleveland
Jackson and James Hanna
Office of the Federal Public Defender
for the Southern District of Ohio
Capital Habeas Unit
10 West Broad Street, Suite 1020
Columbus, Ohio 43215
614-469-4116 (direct)
614-469-5999 (fax)
Email: Allen_Bohnert@fd.org[3]

---

[3] Attorney Bohnert is already registered with the Middle District of Alabama's CM/ECF system and has electronic filing privileges.

3

## **Memorandum In Support**

### I.    **Introduction**

Before this Court is the following simple issue:

> Plaintiffs served a valid federal court subpoena on The
> Department through Director Della Manna on or about
> March 7, 2024. The subpoena presented targeted document
> requests relevant to the underlying Ohio federal litigation,
> analogous to previous subpoenas with which The
> Department and Director Della Manna have generally
> complied. Now, however, The Department and Director
> Della Manna have not fully complied with the instant
> subpoena, and have waived or forfeited any objections or
> defenses against doing so. Should this Court countenance
> this ongoing disrespect for the law and the federal courts,
> or should the Court instead compel The Department and
> Director Della Manna to promptly and fully comply with
> their legal obligations under the subpoena?

### II.   **Certification of Good Faith Efforts by Undersigned Counsel to Obtain Compliance Without This Court's Involvement.**

Undersigned counsel hereby certifies that multiple good faith attempts have

been made to obtain a non-judicial resolution to this matter. These include the

following efforts made by undersigned counsel:

➤ An unsuccessful attempt to reach Attorney Marc Bass (General Counsel
   for ADFS) by telephone, on April 11, 2024, at approximately 1:28
   p.m. EDT;

➤ A voice mail left with Attorney Bass on April 11, 2024, at approximately
   2:53 p.m. EDT, to which no return phone call was received;

➤ An email sent from undersigned counsel to Attorney Bass on April 17,
   2024, at approximately 11:58 a.m. EDT (attached as Exhibit 2), asking for
   Attorney Bass's assistance to ensure compliance that was already
   overdue, to which no response was received;

➤ An email sent from undersigned counsel to Attorney Bass on April 26, 2024, at approximately 1:03 p.m. EDT (attached as Exhibit 3), asking again for cooperation to ensure compliance, and providing personal cell phone number for undersigned (redacted as Personally Identifying Information in Exhibit 3 and all subsequent exhibits) for Attorney Bass to call, to which no response was received;

➤ An email sent from undersigned counsel to Attorney Bass on May 2, 2024, at approximately 6:52 p.m. EDT (attached as Exhibit 4), again requesting assistance, noting prior attempts to confer, prior compliance with analogous subpoenas, and invoking the prospect of a motion to compel if faced with no other options;

➤ An email sent from Attorney Bass to undersigned counsel on May 3, 2024, at approximately 12:56 p.m. EDT (attached as Exhibit 5), containing some attached pdf files and stating as follows:

Mr. Bohnert,

I apologize for the delay.  I was literally provided the materials to complete the production of the reports for ADFS case 24ME00421, Casey McWhorter, this morning.  I have also included with this email response the requested ADFS case reports for ADFS case 23ME02707, James Barber. Unfortunately, I am not able to produce the ADFS case reports for Kenneth Smith as that case is not currently complete at this time.

Sincerely,

Marc

➤ An email sent from undersigned counsel to Attorney Bass on May 6, 2024, at approximately 4:04 p.m. EDT (attached as Exhibit 6), reiterating the scope of the subpoena and again asking for full compliance, to which no response was received;

➤ An email sent from undersigned counsel to Attorney Bass on May 21, 2024, at approximately 11:19 a.m. EDT (attached as Exhibit 7), again asking for full compliance and expressing a desire to avoid needing to involve the Court to reach a resolution, to which no response was received;

> ➤ A phone conversation between undersigned and Attorney Bass on May 21, 2024, beginning at approximately 2:36 p.m. EDT, and lasting approximately 17 minutes, 21 seconds, during which these matters were discussed, and Attorney Bass agreed to confer with Director Della Manna about a timeline for the final Smith autopsy report, but no resolution was able to be reached as to any matters in dispute;

> ➤ An unsuccessful attempt to reach Attorney Bass by telephone on May 30, 2024, at approximately 3:00 p.m. EDT;

> ➤ An email sent from undersigned counsel to Attorney Bass on May 30, 2024, at approximately 4:39 p.m. EDT (attached as Exhibit 8), recounting the events since service of the subpoena, and setting another deadline for compliance seeking the Court's involvement, to which no response was received;

> ➤ An email sent from undersigned counsel to Attorney Bass on June 10, 2024, at approximately 4:21 p.m. EDT (attached as Exhibit 9), once again requesting full compliance with the subpoena, and providing a last, final deadline for compliance before undersigned counsel was forced to file the instant Motion to Compel, to which no response was received.

During the phone conversation with Attorney Bass on May 21, 2024, he stated to the undersigned that he was not going to turn over any documents related to the Smith execution because the final autopsy report was not yet complete—notwithstanding that the autopsy had been performed approximately four months earlier. Undersigned counsel reiterated that the matter was not a simple public records request, but was, instead, a validly issued and served federal court subpoena.[4] Undersigned counsel also reiterated that the scope of the responsive

---

[4] On previous occasions upon being served with a Rule 45 subpoena seeking analogous documents related to prior executions and autopsies, The Department and Director Della Manna have responded by unilaterally treating the subpoena as a public records request and then declining to produce any documents under Alabama's public records law, because the case in question was not yet "closed." *See* Mot. to Compel Production of Documents, 2–3, 7–9, 16–19, *In re Ohio Execution Protocol Litig.*, ECF No. 1, No. 2:19-mc-03884 (M.D. Ala. Aug. 2, 2019). But then, as

documents was not limited to just a final autopsy report, and that the subpoena likewise sought, among other documents, any draft reports or bench notes or other data collected or documents created related to the Smith (and Barber and McWhorter) executions and autopsies, regardless of whether an official final autopsy report existed yet. But the response from Attorney Bass remained the same: no documents related to the Smith execution and autopsy would be produced because there was no final report. Despite a request from the undersigned that Attorney Bass ascertain from his client when a final autopsy report would be completed as to the Smith matter, no further information and no timeline for creation of a final autopsy report has been forthcoming.

The most recent communication to Attorney Bass requested full compliance no later than Tuesday, June 11, 2024, and gave notice that this Motion to Compel would be filed if full compliance was not achieved by that deadline. But no further documents have been produced to this point and, as of the date of this filing, no response to that correspondence has been received.

---

now, Plaintiffs did not seek the documents via an open records request under Alabama state law; they sought records via a properly served and valid Rule 45 subpoena from the United States District Court for the Southern District of Ohio. This Court retains the power to enforce the subpoena as the federal court for the district where compliance was required. *See* Fed. R. Civ. P. 45(d)(2)(B)(i). Although The Department and Director Della Manna eventually complied with those previous federal court subpoenas, it appears that their confusion about the respective obligations under an Alabama public records request versus a federal court subpoena remains in effect, despite Plaintiffs' repeated efforts in emails and phone calls to explain the distinction and why it matters. As such, Plaintiffs now respectfully seeks an order from this Court to compel production and compliance with the subpoena.

## III.   Factual Background

In summary, Plaintiffs Jackson and Hanna served a valid federal court Rule

45 subpoena on non-party The Department and Director Della Manna that complied

with the applicable Federal Rules of Civil Procedure in all respects; Plaintiffs

provided a reasonable deadline for compliance (one month permitted), and then

spent the next two months after that deadline passed making repeated good-faith

efforts to resolve the matter extrajudicially; The Department and Director Della

Manna previously complied with analogous subpoenas, tacitly or expressly

admitting that the requested discovery materials are relevant to the underlying

Ohio litigation; The Department and Director Della Manna served no timely written

objections to the subpoena, and filed no motion to quash or modify the subpoena,

nor any other motion for judicial relief from their legal obligations under the

subpoena, and any such motion(s) would now be untimely; thus, The Department

and Director Della Manna remain non-compliant with the subpoena without excuse,

in defiance of the United States District Court for the Southern District of Ohio (the

issuing federal district court), and this Court (the federal district court where

compliance is required). This Court must now enforce the law and order The

Department and Director Della Manna to comply promptly and fully with their

legal obligations under the subpoena.

### A.   The Plaintiffs

Plaintiff Cleveland Jackson and Plaintiff James Hanna are both Plaintiffs in

the long-running litigation over Ohio's lethal injection manner and methods of

8

execution, *In re Ohio Execution Protocol Litigation*, S.D. Ohio Case No. 11-cv-1016. Plaintiff Jackson is a death row inmate scheduled for execution in Ohio on July 15, 2026. Ohio intends to execute Mr. Jackson using peripheral IV injection of three drugs that, Jackson believes, are similar if not identical to Alabama's lethal injection protocol: First, 500 mg of midazolam, a sedative; second, a paralytic drug; and third, a fatal dose of potassium chloride. Plaintiff Hanna is a death row inmate scheduled for execution in Ohio on May 14, 2025. Ohio intends to execute Mr. Hanna using peripheral IV injection of those same three drugs and dosages that are similar, if not identical to, Alabama's lethal injection protocol.

In the underlying litigation, both Plaintiffs argue, in relevant part, that Ohio's three-drug lethal injection protocol creates a sure or very likely risk that each of them will be subjected to severe pain and needless suffering due to the effects of the drugs, dosages, and administration method involved. *See, e.g.*, Pl. Jackson's Second Am. Individual Supp. Compl., ECF No. 2227, PageID 107676–717, 107728–731, *In re Ohio Execution Protocol Litig.*, No. 11-cv-1016 (S.D. Ohio June 13, 2019); Pl. Hanna's Third Am. Supp. Compl., ECF No. 2396, PageID 115305–347, 115359–62, *In re Ohio Execution Protocol Litig.*, No. 11-cv-1016 (S.D. Ohio Aug. 23, 2019); *see also Baze v. Rees*, 553 U.S. 35 (2008); *Glossip v. Gross*, 576 U.S. 863 (2015); *Bucklew v. Precythe*, 587 U.S. 119 (2019). The claims and defenses that Plaintiffs Jackson and Hanna raise in the underlying litigation also include allegations related to execution involving nitrogen hypoxia. *See* Pl. Jackson's Second Am. Individual Supp. Compl., ECF No. 2227, PageID 107599–600, 107648–665, *In*

9

*re Ohio Execution Protocol Litig.*, No. 11-cv-1016 (S.D. Ohio June 13, 2019); Pl.

Hanna's Third Am. Supp. Compl., ECF No. 2396, PageID 115228–29, 115277–298,

*In re Ohio Execution Protocol Litig.*, No. 11-cv-1016 (S.D. Ohio Aug. 23, 2019).

Because Alabama's lethal injection protocol is essentially the same as Ohio's,

information about Alabama lethal injection executions—particularly including

autopsy data following executions—is directly relevant to Plaintiffs' claims and

defenses in Ohio. And because Plaintiffs Jackson and Hanna also include in their

complaints allegations regarding nitrogen hypoxia as an execution method,

information related to the execution of Kenneth Smith by Alabama on January 25,

2024, using nitrogen hypoxia as the execution method and information revealing

what the body experiences during a nitrogen hypoxia execution, is directly relevant

too. The requested documents are important evidence for Plaintiffs' counsel and

their experts to review and, as needed, to present to the Court in proving up their

cases. Indeed, the same type of evidence Plaintiffs seek in the instant subpoena—

but related to previous Alabama executions—has been obtained from ADFS via

prior analogous subpoenas, and used in injunctive relief proceedings in the

underlying Ohio litigation.

**B.    The Procedural Posture of the Instant Motion to Compel**

      **1.    Plaintiffs perfected service of a Rule 45 non-party
          subpoena seeking documents and information that are
          facially and directly relevant to the underlying litigation.**

Plaintiffs Jackson and Hanna perfected service of the subpoena on The

Department through Director Della Manna or his agent on or about March 7, 2024.

In the subpoena, Plaintiffs Jackson and Hanna sought certified (and thus self-

10

authenticating) copies of documents and information related to autopsies conducted on three men executed by the State of Alabama in 2023 and 2024: James Edward Barber (executed by the State of Alabama on July 21, 2023); Casey Allen McWhorter (executed by the State of Alabama on November 16, 2023); and Kenneth Eugene Smith (executed by the State of Alabama on January 25, 2024). (*See* attached Exhibit 1.)

The subpoena provided a reasonable time for compliance, with a stated production deadline for compliance no later than April 8, 2024—one month after service of the subpoena. The subpoena provided a responsive location that complied with FRCP 45(c)(2)—Montgomery, Alabama—while also expressly noting that compliance would be accepted via electronic production if The Department's counsel was so amenable. (*See* Attachment 1.) Because the subpoena was issued out of the underlying Ohio litigation, the issuing federal district court is the United States District Court for the Southern District of Ohio. Fed. R. Civ. P. 45(a)(2). Because Montgomery, Alabama is the place designated in the subpoena for compliance, this Court is the federal district court for the district where compliance is required, and thus the proper court in which to file this Motion to Compel. *See, e.g.*, Fed. R. Civ. P. 37(a)(2); 45(g).

> **2.    The Department and Director Della Manna failed to timely respond to the deadlines under the Federal Rules of Civil Procedure and applicable caselaw.**

Several analogous subpoenas have been served on The Department and Director Della Manna in the past. With one exception, response to those prior subpoenas was generally compliant without needing the Court's involvement,

although one matter eventually required Plaintiff Jackson to file a motion to compel production.[5]

This time, however, there was no response from The Department and Director Della Manna by any of the applicable deadlines under the Federal Rules of Civil Procedure and the subpoena. Under Rule 45(d)(2)(B), they had 14 days after March 7, 2024—*i.e.*, March 21, 2024—to serve written objections on undersigned counsel. But they served no objections. Under Rule 45(d)(3), the were required to file any motion to quash or modify the subpoena on a "timely" basis. This Court has interpreted "timely" to require filing a motion for judicial relief before the stated deadline for compliance. *Massey v. Conner*, No. 2:15-cv-739-MHT-SMD, 2020 U.S. Dist. LEXIS 260926, *2–3 (M.D. Ala. Feb. 12, 2020). But The Department and Director Della Manna filed no such motion. Under the subpoena itself, they were required to fully comply by producing all responsive materials no later than April 8, 2024. But they produced no responsive documents by that deadline.

### 3. Undersigned counsel engaged in numerous good-faith, but unsuccessful, attempts to obtain full compliance.

Thereafter began a series of attempts by undersigned counsel to obtain full compliance from The Department and Director Della Manna, recounted in Section II above and the emails attached as Exhibits to this Motion and Memorandum in Support. True, a final autopsy report and final toxicology report as related to the

---

[5] *See* Mot. to Compel Production of Documents, *In re Ohio Execution Protocol Litig.*, ECF No. 1, No. 2:19-mc-03884 (M.D. Ala. Aug. 2, 2019). The motion to compel in that matter was subsequently withdrawn, after The Department fully complied with the subpoena.

Barber and McWhorter autopsies were eventually produced (on May 3, 2024, well after the date for compliance stated on the subpoena). But the document production as to the Barber and McWhorter autopsies remains underinclusive and thus incomplete; numerous other types of documents are created during ADFS's post-execution autopsies and were previously produced in response to prior subpoenas, but such documents have not been produced in response to the instant subpoena. (*See* Appendix A, below.) Moreover, no documents at all have been produced related to the Smith autopsy.

No written explanation has been given as to why The Department and Director Della Manna have failed to comply with their obligations to this Court and the federal district court for the Southern District of Ohio. In a phone conversation on May 21, 2024, General Counsel for The Department and Director Della Manna, Marc Bass, stated that the Smith autopsy report is not yet "final," and that Alabama state law exempts from public records requests autopsy reports that are incomplete. Therefore, Attorney Bass explained, no documents related to the Smith autopsy would be released to the undersigned until some undefined date in the future. No information was provided as to why the Smith autopsy report is not yet final, more than four months after the autopsy was conducted. And undersigned counsel's request for further information about when the Smith report may be finalized has gone unanswered. Furthermore, no information has been provided as to why the production of all responsive materials as to the Barber and McWhorter autopsy files remains incomplete. And, as noted above in footnote 4, undersigned

13

counsel's efforts to explain why Alabama public records laws and privileges have no bearing on this federal court subpoena, issued by a federal district court arising out of federal question litigation and controlled by federal discovery rules, were apparently unavailing.

### 4.    Recap of procedural posture

In sum, then, Plaintiffs served a valid federal court Rule 45 subpoena that is controlled by federal discovery law. The Department and Director Della Manna have responded to Plaintiffs' federal court subpoena with partial production as to the Barber and McWhorter autopsy files, and with zero production as to the Smith autopsy file. As such, they remain non-compliant with their binding legal obligations under the subpoena, with no remaining defenses available. They have not served any written objections (timely or otherwise), and have not (timely or otherwise) sought judicial relief from their obligations under the subpoena. The Department and Director Della Manna have declined repeated good-faith efforts by undersigned counsel to resolve the matter without dragging this Court into it, leaving Plaintiffs with no choice but to file this Motion to Compel. The Department and Director Della Manna have waived or forfeited any defenses against full compliance with their legal obligations by their failures to timely pursue the limited defenses available to them under the Rules. Accordingly, this Court must now enforce respect for the federal court system and order The Department and Director Della Manna to immediately and fully comply with the subject subpoena.

## IV.    Law and Argument

### A.    Legal standard

Rule 26(b) permits a party to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[6] "Under the federal rules, relevancy is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Coker v. Duke & Co.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998) (quoting *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978)). As a whole, the federal discovery rules are to be construed broadly and liberally. *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

A resisting party like The Department and Director Della Manna "has the burden to show the information does not come within the broad scope of relevance as defined by Fed. R. Civ. P. 26(b) or the potential harm outweighs the presumption in favor of broad disclosure." *Gilbert v. Rare Moon Media, LLC*, No. 15-mc-217-CM, 2016 WL 141635, *4 (D. Kan. Jan. 12, 2016) (internal quotation marks omitted); *see also Brownstein Corp. v. Palmer*, No. 2:20-cv-378-RAH-JTA, 2021 U.S. Dist. LEXIS 253673, *8 (M.D. Ala. Dec. 7, 2021) (reciting same standard, and reiterating that the "'party resisting production bears the burden of establishing lack of relevance or

---

[6] It "is well settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26." *Miller v. MP Glob. Prods., LLC*, No. 12-cv-00747-KD-N, 2014 U.S. Dist. LEXIS 34008, *5–6 (S.D. Ala. Mar. 17, 2014) (listing cases).

15

undue burden in supplying the requested information.'" (quoting *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000))).

The "resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions" in objecting to discovery. *Bruner v. Am. Honda Motor Co.*, Civil Action No. 1:15-00499-N, 2016 U.S. Dist. LEXIS 62810, *6 (S.D. Ala. May 12, 2016). Notably, The Department and Director Della Manna have not even attempted to carry their burden to resist the discovery requests, so it is inaccurate to refer to them as a "resisting party." Instead, they are essentially a non-responsive, non-compliant party; they have simply failed to do anything other than partial production that was, itself, approximately one month late.

Failure to file a motion to quash or modify a subpoena within a reasonable time set for compliance makes any such motion untimely. *Massey v. Conner*, No. 2:15-cv-739-MHT-SMD, 2020 U.S. Dist. LEXIS 260926, *2–3 (M.D. Ala. Feb. 12, 2020) (denying as untimely a motion to quash filed thirty-four days after the designated time for compliance). Additionally, Rule 45(d)(2)(B) requires a non-party to serve written objections on the attorney designated in the subpoena, and the objections must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Critically, "[f]ailure to serve written objection to a subpoena within the time specified by Fed. R. Civ. P. 45 typically waives any objections the party may have." *Patel v. Bhakta*, No. 1:15-CV-562-MHC-ECS, 2015 U.S. Dist. LEXIS 186408, *6–7 (N.D. Ga. Apr. 29, 2015) (citing *Ala. Educ. Ass'n v.*

16

*Bentley*, No. CV-11-S-761-NE, 2013 U.S. Dist. LEXIS 8188, 2013 WL 246417, *4 (N.D. Ala. Jan. 22, 2013) (listing cases); *Stringer v. Ryan*, No. 08-21877-CIV, 2009 U.S. Dist. LEXIS 101479, 2009 WL 3644360, *1 (S.D. Fla. Oct. 30, 2009) ("A non-party waives any objections if she does not timely object to the subpoena."); *Madeline L.L.C. v. Street*, No. 09-80705-MC, 2009 U.S. Dist. LEXIS 51700, 2009 WL 1563526 (S.D. Fla. June 3, 2009) (non-party's untimely response to Rule 45 subpoena resulted in waiver of objections); 9A Wright & Miller, *Federal Practice & Procedure* § 2463 (3d ed. 1998) ("[F]ailure to object within the fourteen-day period usually results in waiver of the contested issue."). Based on their failures to adequately respond to the subpoena, these principles apply to The Department and Director Della Manna.

If a non-party does not file a motion to quash or modify a Rule 45 subpoena, and has otherwise waived or forfeited any objections by failing to comply with Rule 45(d)(2)(B)'s requirements for serving specific written objections, then a motion to compel responses to a subpoena duces tecum "is due to be granted on this basis alone." *Bailey Indus. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010) (discussing analogous provisions of Rule 45 before 2013 amendment). Even if served by way of a Rule 45 subpoena, when the non-party fails to timely object to production requests, as a general rule, objections to those requests are waived or forfeited. *Id.* (citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)); *see also Noel-Wagstaffe v. Metro. Cas. Ins. Co.*, No. 17-Civ-61039, 2017 U.S. Dist. LEXIS 201610, *3 (S.D. Fla. Dec. 7, 2017) ("The failure to serve written objections to a subpoena within the time

specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections, as does failing to file a timely motion to quash.") (citing *Am. Fed.'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 43 (N.D. Tex. 2015)).

Finally, even if The Department and Director Della Manna served written objections on the undersigned and thus preserved any such objections—they did not—they "can only sustain" such objections in the face of this Motion to Compel "by demonstrating that the requested discovery has no possible bearing on the claims and defenses" in the underlying litigation. *Brownstein Corp. v. Palmer*, No. 2:20-cv-378-RAH-JTA, 2021 U.S. Dist. LEXIS 253673, *8–9 (M.D. Ala. Dec. 7, 2021) (citing *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007)). But The Department and Director Della Manna cannot satisfy that burden here either, because they never served any written objections at all and, consequently, they have waived or forfeited any objections. Moreover, by previously producing analogous information in response to prior analogous subpoenas and by partially complying with the instant subpoena, they have conceded—tacitly or explicitly—that the requested discovery is relevant to Plaintiffs' claims and defenses in the underlying Ohio litigation and thus relevancy is no basis on which to refuse full compliance with their production obligations under the subpoena.

**B.      Plaintiffs' Motion to Compel should be granted because The Department and Director Della Manna have not filed written objections or a motion to quash or otherwise modify the subpoena, and therefore have waived or forfeited any objections or arguments against producing the requested information.**

When a non-party recipient of a Rule 45 subpoena seeking production of documents does not file a motion to quash or modify the subpoena, and does not serve written objections on the attorney designated in the subpoena within the allotted time period, then the non-party has waived or forfeited any basis on which to oppose production. *See Patel v. Bhakta*, No. 1:15-CV-562-MHC-ECS, 2015 U.S. Dist. LEXIS 186408, *6–7 (N.D. Ga. Apr. 29, 2015) (listing cases).

That is precisely the circumstances here. As noted above, the subpoena was served on March 7, 2024, and it required compliance no later than April 8, 2024. Under Federal Rule of Civil Procedure 45(d)(2)(B), therefore, the deadline to serve written objections on undersigned counsel was March 21, 2024. And the deadline to file a motion to quash the subpoena or to otherwise modify it or seek judicial relief from the obligations imposed by the subpoena was April 8, 2024. *See Massey*, 2020 U.S. Dist. LEXIS 260926, *2–3 (motion to quash filed after deadline for response was deemed untimely and denied). To date, more than four months later, The Department and Director Della Manna have not served timely, written objections to undersigned counsel. Nor have they filed any motion seeking to quash or modify the subpoena or otherwise seek judicial relief from compliance. And the deadlines to timely file any of those passed long months ago.

Consequently, The Department and Director Della Manna have, as a matter of law, "waived [or forfeited] any objection to" Plaintiffs' requests for documents in the subpoena, and "this motion to compel responses" to Plaintiffs' subpoena should "be granted on this basis alone." *Bailey Indus. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010); *see also Noel-Wagstaffe*, 2017 U.S. Dist. LEXIS 201610, *3–4 (granting motion to compel production of documents sought by Rule 45 subpoena when non-parties "have had ample time to review the subpoena and formulate their responses" and yet "clearly failed to do so with either a production of documents or objections"); *Massey*, 2020 U.S. Dist. LEXIS 260926, *2–4; 4–8 (denying untimely motion to quash; granting motion to compel). This Court should grant Plaintiffs' Motion to Compel accordingly.

**C. The Department and Director Della Manna cannot meet their burden as to relevancy because they have waived or forfeited such argument, and because the documents sought are facially and directly relevant to the federal constitutional claims Plaintiffs are litigating in federal court under federal-question jurisdiction.**

If The Department and Director Della Manna are construed to be a "resisting party" rather than simply a non-responsive or non-compliant party, they bear the burden to establish that the documents and information sought are not relevant to the underlying litigation, or that some other basis under Rule 45 would justify quashing the subpoena. *See Brownstein Corp.*, 2021 U.S. Dist. LEXIS 253673, *8–9 (party opposing discovery bears the burden of "demonstrating that the requested discovery has no possible bearing on the claims and defenses" in the underlying litigation); *Gober*, 197 F.R.D. at 521 ("The party resisting production bears the

burden of establishing lack of relevance or undue burden in supplying the requested information"); *Massey*, 2020 U.S. Dist. LEXIS 260926, *4–5 (explaining that "the opposing party" must "invoke[] and demonstrate[] the applicability of an appropriate privilege or protection").

But again, The Department and Director Della Manna have not produced timely written objections; have not moved to quash or otherwise modify the subpoena; and have not invoked any basis on which to avoid producing the requested discovery. They have not objected to compliance based on relevancy arguments or on any of the other grounds enumerated in Rule 45(d)(3). Nor have they asserted any claim of privilege or protection as required by Rule 45(e)(2). Consequently, The Department and Director Della Manna have now waived or forfeited any arguments resisting the subpoena under Rule 45 or any other provision of the Federal Rules of Civil Procedure. Accordingly, this Motion to Compel should be granted.

Moreover, even if The Department and Director Della Manna have not waived or forfeited any relevancy arguments—which they have—the still cannot satisfy their burden to establish irrelevancy. As explained in Section III.B.1 above, Plaintiffs' discovery requests are facially relevant to the underlying Ohio federal-question litigation. The requests contained in their subpoena have a connection to their Ohio litigation when a core focus of that Ohio litigation is the evidence regarding midazolam and its use as an initiatory drug in a three-drug lethal injection protocol, and Ohio's challenged lethal injection protocol is quite similar, if

not identical, to Alabama's. Likewise, the use of nitrogen hypoxia to carry out an execution is directly related to the matters at issue in the Ohio litigation, and Alabama recently became the first jurisdiction in the United States to carry out an execution via nitrogen hypoxia when the State executed Kenneth Smith on January 25, 2024. Accordingly, data from Alabama executions, including those at issue in the instant subpoena, is invaluable evidence about what the condemned inmate experiences during execution using a three-drug lethal injection method or a nitrogen hypoxia method. It is, therefore, data directly relevant to Plaintiffs' underlying Ohio litigation and their federal constitutional claims. *See Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) ("Relevance in the context of discovery has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.") (cleaned up); *Brownstein Corp.*, 2021 U.S. Dist. LEXIS 253673, *10 (quoting *Akridge* and citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

As the purportedly resisting entity, The Department and Director Della Manna bear the burden to show the requested information is not relevant to the underlying Ohio litigation and, as explained throughout this Motion, they have waived or forfeited any irrelevance arguments. And in any event, any irrelevance arguments are inadequate in the face of the low bar which Plaintiffs have cleared to establish relevance under Rule 26 (and by extension, Rule 45) and the controlling

caselaw, along with the central relevance of the requested information to any claims or defenses in the underlying Ohio litigation.

## V.   Conclusion

The deadline for compliance with Plaintiffs' subpoena was over two months ago. Undersigned counsel has made repeated good-faith efforts to obtain compliance with the subpoena without needing the Court's involvement. But those efforts have been largely stymied when The Department and Director Della Manna have failed to serve written objections on counsel, failed to file a timely motion to quash or modify the subpoena or otherwise seek judicial relief from their compliance obligations, and otherwise simply refused to fully comply with a valid federal court subpoena. By their refusals and lack of action to serve written objections or file any motion seeking judicial relief from their subpoena obligations, The Department and Director Della Manna have now waived or forfeited any potential objections, arguments, or bases against full compliance with the subpoena. Consequently, this Motion to Compel should be granted "on this basis alone." *Bailey Indus. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010).

It now falls to this Court to enforce the law, and to order The Department and Director Della Manna to fully comply and produce all currently existing responsive materials promptly. Plaintiffs respectfully request this Court order full production and compliance within no more than ten calendar days of such order's issuance. This Court should also order The Department and Director Della Manna to produce supplemental discovery of any related, additional materials created later

23

(such as the final Smith autopsy report), and order that any such supplemental discovery must be provided to undersigned counsel no later than ten calendar days after creation of the document. *Compare VanLiner Ins. Co. v. ABF Freight Sys.*, No. 5:11-cv-122-Oc-10TBS, 2011 U.S. Dist. LEXIS 114401, *4 (M.D. Fla. Oct. 4, 2011) (ordering full compliance with requests for production within ten days, and noting "there is no reason why the [recipient] should require any additional time to fully respond to the . . . requests for production").

Additionally, Plaintiffs respectfully request this Court consider and decide this motion swiftly, in light of the background of this matter; they have been seeking this information starting on March 7, 2024, and have been extraordinarily patient and accommodating to The Department and Director Della Manna, to no avail. Plaintiffs respectfully request that this Court order The Department and Director Della Manna to file their response in opposition to this Motion to Compel, if any, within 14 days of receipt of service of this Motion.

24

Respectfully submitted this 18th day of June, 2024,

**Joseph Medici**
Federal Public Defender

by

*/s/ Allen L. Bohnert*
**Allen L. Bohnert (Ohio 0081544)**
Trial Attorney for Plaintiffs Cleveland
Jackson and James Hanna
Office of the Federal Public Defender
for the Southern District of Ohio
Capital Habeas Unit
10 West Broad Street, Suite 1020
Columbus, Ohio 43215
614-469-4116 (direct)
614-469-5999 (fax)
Email: Allen_Bohnert@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, an electronic copy of the foregoing

**Plaintiffs Cleveland Jackson and James Hanna's Motion to Compel**

**Production of Documents in Response to Subpoena Issued to Non-Party**

**the Alabama Department of Forensic Sciences** was filed with the Clerk of the

United States District Court for the Middle District of Alabama. A hard copy of the

same will be mailed by regular mail to Attorney Marc Bass at the Alabama

Department of Forensic Sciences Legal Counsel Division at 1051 Wire Road,

Auburn, Alabama, 36832. An electronic copy of the same will be sent to Attorney

Bass by email attachment.


/s/ Allen L. Bohnert
Trial Attorney for Plaintiffs Cleveland
Jackson and James Hanna